We'll move to the next case on the docket this morning And it's Joyce Higgs versus Costa Crosiere And Mr. McAulpin is here for the Appellant Higgs And Mr. Homan is here for the Appellee And Mr. McAulpin you may begin when you're ready Yes, your honors, good morning, may it please the courts And counsel, it's Richard McAlpin here in Miami on behalf of Costa Crosiere Your honors the trial court erred in denying our motion for judgment as a matter of law under Rule 50 and the court I would note that the court has de novo review powers over Denials of these types of motions The critical reason the court should have granted the motion is that the plaintiff failed to prove a critical element Of the claim to create the duty and that is the notice Element. So as the court is is I'm sure aware Notice is a requirement in order to create the the duty of reasonable care If the notice requirement weren't there the shipowner would become the insurer of the guest safety In order to satisfy the notice requirement, there are two elements which the plaintiff Failed to prove and that of course is the actual dangerous condition and that the shipowner had notice either constructive or actual notice of that dangerous condition the plaintiff failed to produce evidence on either of those elements and Therefore the motion for judgment as a matter of law should have been granted The undisputed facts of the case. I think are very important for consideration of this issue your honors There was no testimony about who allegedly placed this bucket in the area where miss Higgs Says she fell There was no testimony about how long The bucket was allegedly in the location where she's Higgs fell There was no evidence that Costa knew or should have known That buckets the use of buckets in the actual way they were being used on board Let me ask you a question counsel if I if I could just on that point. This is a Judge Marcus. I was looking at The testimony of Higgs daughter who testified at the Trial and she was asked tell us what you witnessed as far as the bucket. She was there apparently at the time The the fall occurred and she said and when I walked in the dining room, I noticed buckets Sitting around the dining room along the wall and I thought to myself Why are the buckets sitting in the dining room on the floor question? Did you ever see any crew members using them answer? I Saw crew members dipping their rags into the buckets and wiping the table And then she was asked. So what did you see at the time? She fell? Miss Higgs fell she was coming from somewhere in this direction of the buffet From somewhere over there and she walked around the corner She was turning the corner a person sitting at the table and those chairs started to get up. She saw me She continued walking. She took about two steps on the carpet her foot On hit on the bucket and she said oh, no And that's the point at which he She fell doesn't that Controvert the point that you were making or at least could not the jury have credited that for purposes of not only actual notice, but that the buckets were being used by The crew for the purposes of wiping the tables clean. I Don't believe so your honor We know that the buckets were were used for the purpose of cleaning the tables The point I was making is that there is no evidence that any cost a crew member put this bucket in this dangerous Location the plaintiff's theory was that it was in what he's called a around a blind corner and you're right The testimony was that miss Higgs says that she went around the corner and took about two steps and tripped on on the bucket Which was in this dangerous position Malcolm this is this is judge Bush It was there any evidence of any anyone other than a crew member using the bucket There was no evidence of there was no evidence of that at all Thank you. Yes. Yes, but however, your honor would I would point out that there's no direct evidence that the cost of crew member put it there I think it could it's certainly possible that as in a a Food court in a mall that a guest could have used the bucket to to clean their own table. That's a possibility There was no testimony about that either way Well, what are we and what could not a jury infer from the confluence of these facts that the bucket was placed? there by the crew where the daughter testifies unambiguously That one the bucket was in the walkway on the carpet To she saw crew members dip their rags into the bucket and three she saw Crew members wiped the tables with the rag that they had dipped into the bucket Why couldn't a jury infer from that? I don't say they were obliged to infer it But why couldn't they reasonably infer from those facts that? Indeed it was a crew member who had placed the buckets there Precisely in order to make it accessible for cleaning the table Your honor that would be an inference which a jury couldn't a juror could make our issue is whether that Inference was reasonable under these circumstances however, we have to go beyond that because Not only is there a requirement that there be that the crew member that cost to place it But that costa knew that Use of the buckets and the way they were using them was a date Constituted a dangerous condition and there was no evidence in the record at all about that In fact, the evidence was completely to the contrary Costas experience was that there had been no complaints about the use of the bucket system or the way they were being Handled and used in the buffet area. There were no prior accidents. There was no prior warnings about Couldn't the jury infer from the testimony of Higgs daughter and The testimony of Higgs that the bucket in fact was placed in the walkway On the carpet whoever placed it there. They could infer that it was indeed there when she fell, right? Yes, your honor. I said I thought what I said before a juror could they could infer that whether that's a reasonable inference or not I don't think so, but the juror could infer that but that doesn't get the plaintiff the notice Element that it get because that's only one part of it that cost to place the bucket there That's an inference. The next inference would be that cost the new or should have known That the buckets in that position was a unreasonably dangerous condition There's no evidence of that whatsoever So that second element, let me ask you the question with respect to that if I can Suppose Higgs daughter had testified. I'm giving you really a hypothetical here that in fact she saw a crew member placed the bucket on the carpet and She saw before miss Higgs fell That the crew member dipped The rag into the bucket on multiple occasions and used the wet rag to wipe the table Could not an inference been drawn there that they were on actual notice Two minutes counsel two minutes. Thank you There might the inference might be that yes cost of placed it in costa knew that the bucket was in that position But again, your honor There's no if there's no facts to support the notion that cost a new or should have known that was a dangerous Condition that the bucket in that position constituted a dangerous condition. That's a critical element of the notice requirement as well And there was no notice about there was no prior accidents. There was no prior warnings There's no prior complaints about the way the buckets were used in the area. So yes, your honor The jury I suppose could reach that inference that costa placed the bucket in that position and costa was using the bucket But there still are lacking the next critical step That that constituted a dangerous condition Which costa should have known about and of course the court in this court in the Sutton versus Royal Caribbean case Was on that panel, I believe Indicated that the inferences can't be based on speculation or conjecture and that's exactly what the district court did It went on to in denying the motion. The district court said it's common sense That one should presume that a bucket on the floor Could create a tripping hazard That's that's an unreasonable in speculative Inference where why would that be? Counsel why would that be so with a walkway plainly a walkway with someone would be going from a buffet Counter to a table that walkway was pretty narrow Between the counter on the one side and the tables on the other. I saw the pictures. Yes, sir It wasn't much room. So if you put a bucket in between right in the middle of it Why wouldn't that be an obvious and apparent hazard to anybody who was there who saw it? Because that because there had never been a problem with the buckets before that that's that's the reason you are we Checked for the that of the the subject ship and the sister ship for a period of three years. There was never a problem There was never a complaint about the way the buckets were you know They could never commit right negligence on this occasion because there was no prior act of negligence Your honor if if the bucket was placed an unreasonably dangerous position The cruise line has to have notice of it They have to be on notice of it actually being a problem or it should it could have existed for a period of time such That in the exercise of reasonable care They should have known about it. That's the critical element which wasn't satisfied in this case Thank you Thank You mr. McAuliffe and you've reserved some time for rebuttal we'll hear from mr. Holman on behalf of Higgs Yes, thank you. Your honors. Nicholas Holman on behalf of happily joy Higgs, please the court Your honors in my time before the court. I'll explain why the court should affirm the judgment for two reasons first Costa knew or should have known where the bucket was When mrs. Higgs tripped over it because a crew member put it there deliberately and To Costa knew or should have known that it was dangerous to put a bucket in that location under those circumstances Now before moving to my point I need to address some of the questions and issues raised in counsel for costas time before the court judge Marcus Just asked counsel for Costa why it would not be apparent under those circumstances That it was dangerous to place a bucket at location and counsel for Costa argues that because there were no prior incidents So therefore we could not prove notice That is not true And we know that's not the standard because this court told us that last month in a published opinion Carol versus carnival there the court said that we can look exclusively to the cruise lines policies and corrective measures To prove notice by themselves But the district court here didn't have the benefit of our guidance in Carol when it decided This case that it that is true. Your honor. No that Carol was just last month It was just last month but the court the district court did have the same evidence that this court has before it and that Identical evidence that this court relied upon last month and Carol to reach that decision in that case the plaintiff tripped and fell Over the leg of a lounge chair, which was protruding into a walkway and the court found that Carnival's policies were clearly designed to prevent those lounge chairs from creating trip hazards to passengers They had policies of keeping them tucked up against the walls In the upright position so that they would not protrude into the walkway. We had identical evidence of that in this case Costas corporate representative Miguel Munir his testimony is an appendix volume for page 35 He was Costas food and beverage director in charge of buffet operations And he testified that for buckets to be in a safe place that word safe is important He said for buckets to be in a safe place. They must be visible to everyone Guests and crew on page 36 the next page He says for buckets the buckets should be placed where they will not interfere with guests moving about the dining room That was his testimony as to what policy to what Costas policies were with respect to where to place these buckets From that testimony. There's no other reasonable inference The jury could have drawn other than that that policy was specifically Acknowledging that if these buckets were not kept in places visible to guests and if they were placed in walkways where they would interfere with Guests they were likely to pose trip hazards and based on this courts holding and Carol last month That is sufficient evidence that would have allowed the jury to find that Costa knew of the dangerous condition Knew that the condition was dangerous now first the court was discussing and judge Marcus asked counsel for Costa some questions with respect to Notice of the condition being where it was notice of the bucket being where it was We satisfied that element because as as judge Marcus was asking counsel for Costa Christina Bartolo testified we had numerous eyewitnesses with Christina Bartolo Testified that she was in the dining room numerous times prior to the day of the incident and in her testimonies in Supplemental Appendix volume 2 page 187 That she saw the bucket sitting around the wall. She saw crew members using the buckets She only saw crew members using the buckets and never saw anyone other than a crew member touch the buckets Her son Domingo Bartolo also testified at trial via video deposition and his testimony is in the district courts docket Number 255 at pages 24 through 27 of his testimony He testified similar and all the times he'd been in the dining room Prior to and on the incident of the day and a day of the incident question that he had only seen crew members handling These buckets picking them up putting them down moving them around and placing them against the wall near the busboy station And that he had never seen anyone other than a crew member So not only to judge Marcus's question Not only was that a reasonable inference that the jury could have drawn That if a bucket ended up where it was it was because a crew member placed it there But really that was the only inference that the jury could have drawn because Costa never Produced a shred of controverting evidence on that issue They never crossed him into witness and said well, isn't it possible that a passenger moved it? They never at their corporate representative never testified to that as counsel admitted There was no evidence that anyone other than a crew member ever moved it So this argument that maybe it was placed by someone else is really being raised for the first time here on appeal But the only evidence on that issue at trial Conclusively proved or at least proved by preponderance of the evidence rather that That if bucket ended up where it was it was because a crew member placed it there which obviously satisfies the first prong To prove that they actually knew the condition existed Your honors moving to and if there's there's no additional questions on that particular Aspect of the appeal I'll move on and discuss the appropriateness of the permissive adverse inference instruction Well, that wasn't really covered on Yeah, what about? But counsel, what about your cross appeal Your honor on our cross appeal first the first point on that. I'd want to make clear is that we're only seeking We're only seeking for the court to review that to the extent the court finds that that issue is separate and distinct enough or distinct and separable enough such that the court could Act on that issue without disturbing the remainder of the of the jury verdict We certainly don't want for the court to to determine that it To the extent it would rule in our favor on the collateral source rule that it would have to disturb the entire verdict if that Were the case? Then we would simply stand down on that issue and and waive that issue because we don't want to disturb the majority of the verdict But to the extent that it's separate separable and distinct which we believe it is under this court's Precedent of SEB versus Sunbeam Court, which was a 2005 11th Circuit case We believe that that issue of damages in and of itself is separate and distinct enough where it could be ruled on without Disturbing the remainder of the verdict and on that issue the courts one of the court's recent opinions ML health care services versus Publix supermarkets, which was a 2018 case the court stated that just reiterated the purpose and the policy behind the collateral source rule Which supports our argument in this case that the collateral source rule? States that the receipt of benefits or mitigation of loss from sources other than the defendant will not operate to diminish the plaintiffs recovery of damages so really the question is is in the private insurance context is the reduction of a contractual reduction of Reasonable and necessary medical charges which is only obtained because the plaintiff had private insurance that she paid for is that reduction of debt a benefit which comes collateral from a source collateral from the defendant such that It's unfair for the defendant to benefit from that and that benefit if it endures to anyone it should in order to The plaintiff who paid for the private insurance And mr. Holman, this is not private insurance in this case. Is it? It's medic, correct? No, your honor Actually, mrs. Higgs had United Health Care. She had a Medicare supplement plan Administered by United Health Care and so and she paid the premiums out of her teachers retirement So those were her wages fairly earned wages Which were which were deducted each month out of her teachers retirement to pay the premiums for this private health insurance And I believe because it's a Medicare Supplement plan they pay they paid Medicare rates, but we're just asking the court to look To issue the narrow holding not with respect to Medicare or Medicaid and how this Collateral source world would operate in those contexts, but solely with regard to the private insurance context where? Certainly if Costa had injured someone who did not have private health insurance or any health insurance There would be no contractual benefits But because they were fortunate enough to in to injure someone who had private health insurance Who had paid for those premiums out of her own pocket and it was had bargained for the benefit of a contractual discount Now they're being given the benefit of that discount which they had no role in procuring and which comes completely collect from a source collateral to the defendant and we believe that's clearly contrary to the spirit of the collateral source rule and Judge Jordan issued an opinion in 2006 when he was with the Southern District of Florida in Jones versus carnival which sets out very Appropriately why that reduction of a debt because it's important to remember in this case The testimony at trial were that her full medical expenses were reasonable and necessary. That was uncontroverted It was proven by affidavit. It was uncontroverted by Costa So the full the full amount of her medical is proven at trial to be reasonable and necessary Let me ask you a question about this counsel. Um The problem that I see with the Jones approach and maybe it's the best anyway But the problem that I see with it is the amount billed frequently Doesn't even bear the remotest relationship to the reasonable value of medical expenses example one insurance company happens to be large enough and Negotiates an appropriate arrangement with a hospital and another insurance company gets a completely different kind of Bargain with the bill itself Bears almost no relationship What the reasonable value of the medical expenses are doesn't using them the amount bill, which is invariably inflated yield a Infall to the plaintiff Well, your honor If it's I'm sorry, your question is if it's not if it doesn't bear a reasonable a reasonable relationship then presumably that would be worked out as a fact question at trial and if it was determined that Actually, they were unreasonable. Then certainly the plaintiff wouldn't be entitled to whatever But Counsel was was there any evidence at trial regarding the reasonableness of the bill? Yes, your honor Our all of our bills were submitted as plaintiffs exhibits I believe one two and three with affidavits from the provider or declarations which are admissible under the federal rules of evidence where in the provider states that the Services provided were reason we're necessary to treat the patient and that the amounts charged were reasonable under the circumstances given and I'm not the exact language escapes me, but it tracks the language of the rule and Those reasonable necessary affidavits were submitted without objection and were not Controverted by costa and I think that is where that issue would appropriately be worked out as Judge Marcus points out if there were any question as to whether or not the total amounts were reasonable Then it would be on the defendant to Controvert that at trial and bring test right, but the first approach counsel simply looks at the amount bill Isn't the appropriate way to charge the jury? Simply say that with respect to determining the reasonable value approach You look at the amount bill the amount actually paid and maybe some other extrinsic circumstances and that it's Ultimately up to the jury to determine the reasonable value of the medical damages incurred Isn't that the way you're supposed to proceed here and if the answer is yes, is that not what the district court did That is Yes, your honor that that is more or less what the district court did the jury awarded the full amount and then the court subsequently reduced it But I think that is I think what you're saying is they actually the approach because the jury's charge on damages says But they're only permitted to award the damages that they find were reasonably and necessary medical charges that are reasonably and necessarily Caused by the incident in question, but you see the point I'm making to you is the approach as I understand it in Jones taken by some district courts is that the measure of Recovery is the amount bill period that's the beginning and the end of the analysis And I'm simply asking you whether that isn't wrong and the better approach is the one Taken by the trial judge here which says the touchstone is the reasonable value of these medical services and Among other things you may look at the amount bill and the amount paid and maybe other Circumstances that counsel for either side might present in determining the reasonable value You follow the thrust of my question Yes, your honor and to answer the first part of your question two minutes counsel two minutes Thank you It's answer your question. It's not settled law as to which approach applies That is why it's appropriate for this court to rule on this issue at this time because the Southern District Florida these district courts are applying differently Some of them are following a hybrid approach Like judge sort of like what judge khan did in our case where he allowed the jury to consider the full amount and then post verdict reduced And some some courts are allowing the jury to consider the full amount Issuing the jury an instruction that they can only award the lesser amount if your honors if your honors approach is what Similar to what judge khan did in this case He allowed the jury to consider the full amount and what was reasonable necessary and they awarded the full amount And then if that would if it would have been appropriate for the court to respect the jury's Decision on that and enter a judgment in accordance with it not to then subsequently Unilaterally reduce it, you know based on the court's view of the law we would be amenable to Obviously the court's approach which judge Marcus which you're saying which is to allow the jury to consider in the context of what's reasonable and necessary You know the full amount and then any reduced amounts although Again, our argument is that those reductions if they are if they are procured by way of a collateral source That the defendant had nothing to do with which in the case of private insurance They clearly are then it's not appropriate the collateral source rule is also a rule of evidence which would preclude evidence of those reductions and if there's any argument as to the fact that the gross bills are too high and that they're Unreasonable then that's a matter of fact for the parties to put on Controversy evidence of and for the jury to look at Okay, here's what plaintiff says her reasonable necessary bills are and this is what her providers say The defendant has put on contrary evidence with providers saying I provide those same charges and those are not reasonable And the jury decides what's reasonable And it wouldn't it would not really have until time is expired Thank you honors is for those reasons we ask the court affirm the judgment Thank you All right. Thank you counsel. We'll hear again from mr. McAlpin Can I proceed your honor you may thank you your honor Richard McAlpin again your honors I would just like to point out that there were there the testimony was That there were no specific rules about where the bucket should be placed The only testimony on that regard was that they should not be blocking X exits and that they should be placed in a visible Location and of course plaintiff says well this bucket was placed in around a blind corner but that ignores the fact that it was visible from the vast majority of the area where the guests were seated and You can't have the bucket in a position where it's visible to everybody if there are corners in In the dining room secondly, I would just point out that It's not our burden to prove notice if the plaintiff's burden to prove notice under the undisputed facts of this case There is no evidence which a jury could reasonably infer Notice of a dangerous condition on the part of costa based upon the prior history in the uncontroverted Testimony about no prior accidents. No prior complaints. No prior warnings and Just there's no there's no testimony that would allow them to make that leap and we think that this case falls within the Sutton Sutton rationale where the court found that the Inference of notice cannot be based upon speculation and conjecture I would also point out to the court the the judge sites decision in LeBron versus Royal Caribbean Where she said the plaintiff must show that the defendant knew or should have known Not could have known about the condition and that's exactly what the trial judge Indicated in this case as the rationale for denying the motion He indicated that the the shipowner could have known about this dangerous condition That's not the standard and that in the facts don't support that kind of inference your honors I would like to move on if I could very briefly to the adverse inference in the bad faith of Findings by the court in the adverse jury instruction which flowed there from in this case. It's undisputed that Counsel this is judge Bush. I don't believe you brought that argument up in your opening argument. Did you I Did not your honor and it wasn't addressed by your opposing counsel. Was it? Oh Okay, I understand so I shouldn't I shouldn't Argue that that's correct. Okay. Thank you. I appreciate that If I could comment then on the setoff issue with my remaining time I think the we have no problem with the way the district court handled it the collateral source rule isn't Implicated in this case because there was no payment by a collateral source That's the first point to be made this was a contractual setoff It's a contractual discount that no money was ever paid to anybody for the written-off amount No, miss Higgs will never have to be required to reimburse Anyone for the written-off amount and so for her to be able to recover The written-off amount where she has no obligation to repay it Would be a phantom damage and it would be a windfall to her And it's just it's just not consistent with the general notion of Damages in this country. You're only entitled to damages, which you You know are earned in which in which are you know caused by the tort fees or its fault? Not damages, which were not in the written-off amount fairly falls within within that definition I've quite honestly have never understood the plaintiff's argument about this Medicare supplement My understanding was that this miss Higgs was a Medicare Recipient and that these money that the bills were paid under Medicare I don't understand the argument. This is a Medicare supplement So I can't really argue whether it's it's a private insurance situation or a Medicare situation But I think the rationale is the same that there's no there's no recovery for written-off amounts because there's no there's no right of subrogation by a third party and to award those damages would be a Phantom damage the Johnson versus Carnival cases as the court pointed out as a district court case. It's over 10 years old It's never been adopted by a circuit court to my understanding But that judge is now on the circuit court now though in me he is your honor and he's Respect him tremendously and I've argued in front of him before but It just hasn't been followed that rationale just hasn't been followed so far as I'm aware Okay, I think we have your argument. Mr. Holman. I'm sorry. Mr. McAuliffe. Yes, your honors. Thank you so much Appreciate the court's time. All right. Thank you. Mr. McAuliffe and Mr. Holman Thank you